UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW L. HARRELL,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>CIRCLE K CLERK, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:15-cv-02359-JCM-PAL<br><br>**ORDER**<br><br>(Receipt of Initiating Docs – ECF No. 1) |

　　　　This matter is before the court on Plaintiff Matthew L. Harrell's failure to pay the standard filing fee or submit an application to proceed *in forma pauperis* ("IFP") in this case. This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

　　　　Mr. Harrell is or was a prisoner in the custody of the Clark County Detention Center and is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. He submitted a complaint as part of his initiating documents on December 9, 2015 (ECF No. 1), but he did not submit an IFP application for incarcerated litigants or remit the $400.00 filing fee.[1] Unfortunately, the court only recently realized his case had not been processed. Given the lapse of time since the initial filing it is unknown whether Mr. Harrell is still in custody.

　　　　In order to proceed in this action without paying the standard filing fee, 28 U.S.C. § 1915 and LSR 1-1 provide that a prisoner must submit the court's form IFP application along with: (1) a financial certificate signed by an authorized officer of the institution in which he or she is

/ / /

---

[1] Pursuant to the court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

incarcerated,[2] (2) a copy of his or her inmate trust account statement for the six-month period prior to filing,[3] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.[4]

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court is instructed to mail Plaintiff Matthew L. Harrell a blank form Application to Proceed *in Forma Pauperis* for incarcerated litigants with instructions.

2. Mr. Harrell shall have until **March 24, 2017**, to file the Application to Proceed *in Forma Pauperis*, accompanied by: (a) a signed and executed financial certificate, (b) a signed and executed financial affidavit, and (c) a statement of his/her inmate trust account.

3. Alternatively, Mr. Harrell shall pay the filing fee of $400.00 accompanied by a copy of this Order, on or before **March 24, 2017**.

4. Mr. Harrell's failure to comply with this Order by: (a) submitting an Application to Proceed *In Forma Pauperis*, or (b) paying the filing fee, before the deadline will result in a recommendation to the district judge that this case be dismissed.

---

[2] Local Rule LSR 1-2 provides:
> An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application. If the applicant has been at the institution for less than six (6) months, the certificate shall show the account's activity for such period.

[3] 28 U.S.C. § 1915(a)(2) states:
> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(emphasis added).

[4] 28 U.S.C. § 1915(a)(2) states:
> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

5. The Clerk of Court shall retain Mr. Harrell's complaint.

Dated this 21st day of February, 2017.

                                                PEGGY A. LEEN
                                                UNITED STATES MAGISTRATE JUDGE