1

2

3

4                              UNITED STATES DISTRICT COURT

5                                    DISTRICT OF NEVADA

6                                            * * *

7    MATTHEW L. HARRELL,                              Case No. 2:15-cv-02359-JCM-PAL

8                                   Plaintiff,

9        v.                                          **REPORT OF FINDINGS AND
                                                     RECOMMENDATION**
     CIRCLE K CLERK, et al.,
10

11                                  Defendants.

12            This matter is before the court on Plaintiff Matthew L. Harrell 's failure to comply with the

13   court's Order (ECF No. 3).  This proceeding is referred to the undersigned pursuant to 28 U.S.C.

14   § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

15            Mr. Harrell submitted a complaint as part of his initiating documents (ECF No. 1), but he

16   did not submit the IFP application for incarcerated litigants or remit the $400 filing fee.[1]  On

17   February 21, 2017, the court entered an Order (ECF No. 3) directing the Clerk's Office to mail

18   Harrell a blank IFP application, and allowing him to file a completed IFP application or pay the

19   $400 filing fee on or before March 24, 2017.  *Id*.  The Order warned him that a failure to file an

20   IFP application or pay the filing fee would result in a recommendation to the district judge that

21   this case be dismissed.  Mr. Harrell has not filed an IFP application, paid the filing fee, requested

22   an extension of time, or taken any other action to prosecute this case.

23            Accordingly,

24   / / /

25   / / /

26

27   [1]  The $400 filing fee consists of a $350 base fee and a $50 administrative fee.  Pursuant to the court's
     Schedule of Fees dated January 1, 2015, the $50 administrative fee does not apply to persons granted *in
     forma pauperis* status under 28 U.S.C. § 1915.

28

                                                 1

1      **IT IS RECOMMENDED** that action be DISMISSED without prejudice to Plaintiff

2  Matthew L. Harrell's ability to commence a new action in which he either pays the appropriate

3  filing fee in full or submits a completed application to proceed *in forma pauperis*.

4      **IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close

5  this case and enter judgment accordingly.

6      Dated this 6th day of April, 2017.

7

8                              PEGGY A. LEEN
                              UNITED STATES MAGISTRATE JUDGE

9

10                              **<u>NOTICE</u>**

11      This Report of Findings and Recommendation is submitted to the assigned district judge

12  pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for

13  the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the

14  district court's judgment. *See* Fed. R. App. Pro. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local

15  Rules of Practice, any party wishing to object to a magistrate judge's findings and

16  recommendations of shall file and serve *specific written objections*, together with points and

17  authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C.

18  § 636(b)(1); Fed. R. Civ. Pro. 6, 72. The document should be captioned "Objections to Magistrate

19  Judge's Report of Findings and Recommendation," and it is subject to the page limitations found

20  in LR 7-3(b). The parties are advised that failure to file objections within the specified time may

21  result in the district court's acceptance of this Report of Findings and Recommendation without

22  further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition,

23  failure to file timely objections to any factual determinations by a magistrate judge may be

24  considered a waiver of a party's right to appellate review of the findings of fact in an order or

25  judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th

26  Cir. 1991); Fed. R. Civ. Pro. 72.

27

28